**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rosemary Guadiana, ) | No. CIV 07-326 TUC FRZ (GEE) |
| Plaintiffs, ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| State Farm Fire and Casualty Company, ) | |
| Defendant. ) | |

Pending before the court is the defendant's motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), FED.R.CIV.P.  [doc. #12] The plaintiff filed a response and the defendant filed a reply.

The plaintiff, Rosemary Guadiana, claims the defendant breached her homeowner's insurance policy by failing to pay the costs of tearing out and replacing part of the structure when she replaced her polybutylene plumbing.  The defendant, State Farm Fire and Casualty Company  (State Farm), moves that this court dismiss the complaint for failure to state a claim upon which relief can be granted.

The case has been referred to Magistrate Judge Edmonds for all pretrial matters pursuant to Local Civil Rule 72.2.  Rules of Practice of the U.S. District Court for the District of Arizona.

A hearing on the motion was held on Wednesday, January 9, 2008. The motion should be denied.  The homeowner's policy covers the plaintiff's claim as it is alleged in the complaint.

1    FACTUAL AND PROCEDURAL BACKGROUND

2          The following facts are alleged in the complaint:   Guadiana had a homeowner's

3    insurance policy with the defendant, State Farm. (Complaint, p. 3.) On September 9, 2004, her

4    home sustained water damage when the plumbing leaked.  *Id.*

5          Guadiana discovered her home plumbing system was constructed with polybutylene (PB)

6    pipe.  *Id.*  PB pipe is no longer used for home plumbing systems because the chlorine in the

7    water causes the pipe to become brittle and crack.  *Id.*  This pipe embrittlement cannot be

8    remedied.  *Id.*  The only feasible method of repairing a plumbing system constructed of PB pipe

9    is to replace all the pipe.  *Id.*

10          Guadiana claims State Farm is obliged, under her homeowner's policy, to pay the costs

11   incurred in tearing out and replacing that part of the structure necessary to replace her entire PB

12   piping system.  *Id.*, p. 4.  State Farm believes it is only obligated to pay the costs necessary to

13   access the portion of the pipe that was leaking.  *Id.*

14          On July 11, 2007, Guadiana filed the instant class action in U.S. District Court.  She

15   claims State Farm's failure to pay the entire tear-out costs is a breach of contract and a breach

16   of the duty of good faith.

17          On September 14, 2007, State Farm filed the instant motion to dismiss for failure to state

18   a claim upon which relief can be granted pursuant to Rule 12(b)(6).  FED.R.CIV.P.  As part of

19   its motion, State Farm attached the plaintiff's insurance policy as an exhibit .  The plaintiff filed

20   her response on October 1, 2007. State Farm filed its reply on October 11, 2007.  A hearing on

21   the motion was held on Wednesday, January 9, 2008.

22

23    Standard of Review

24          To survive a motion to dismiss pursuant to Rule 12(b)(6), "factual allegations must be

25   enough to raise a right to relief above the speculative level, on the assumption that all the

26   allegations in the complaint are true even if doubtful in fact." *Bell Atlantic Corp. v. Twombly*,

27   __ U.S. __, __, 127 S.Ct. 1955, 1965 (2007).  "[A] well-pleaded complaint may proceed even

28

1    if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is

2    very remote and unlikely." *Id.* (internal punctuation removed).

3          Ordinarily, in ruling on a Rule 12(b)(6) motion, the court must limit its analysis to the

4    four corners of the complaint.. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). There is,

5    however, an exception to this rule for documents referenced by the complaint that are central

6    to the plaintiff's claim and whose authenticity is not in dispute. *Id.*

7          In the instant case, the insurance policy may be considered by the court. The policy is

8    referenced by the complaint. It is central to the plaintiff's claim, and its authenticity is not in

9    question.

11    <u>DISCUSSION</u>

12          "An insurance policy is a contract between the insurer and its insured." *Liberty Ins.*

13    *Underwriters, Inc. v. Weitz Co., LLC*, 158 P.3d 209, 212 (Ariz.App. 2007). "Courts construe

14    the written terms of insurance contracts to effectuate the parties' intent and to protect the

15    reasonable expectations of the insured." *Id.* (internal punctuation omitted). "If the contractual

16    language is clear, we will afford it its plain and ordinary meaning and apply it as written." *Id.*

17          The homeowner's insurance policy contains the following provision:

18      We do not insure for any loss to the property . . . which consists of, or is directly and
    immediately caused by . . .

19                              *     *     *

20        f. continuous or repeated seepage or leakage of water or steam from a:

21        (1) heating, air conditioning or automatic fire protective sprinkler system;

22        (2) household appliance; or

23        (3) plumbing system, including from, within or around any shower stall,

24        shower bath, tub installation, or other plumbing fixture, including their
      walls, ceilings or floors;

25      which occurs over a period of time. *If loss to covered property is caused by*

26      *water or steam not otherwise excluded, we will cover the cost of tearing out and*
    *replacing any part of the building necessary to repair the system or appliance.*

27      We do not cover loss to the system or appliance from which the water or steam
    escaped; . . .

28

1  (Defendant's motion, Exhibit A, p. 14, document page 9.)  (emphasis added).  The italicized

2  sentence is referred to by the parties as the "tear-out" provision.

3      State Farm agrees that damage resulting from a sudden release of water, as is alleged

4  here, is a covered loss.  (Defendant's motion, p. 10.); *see also* (Defendant's motion, Exhibit A,

5  p. 13, document page 8, ¶ 12.)  This "loss to covered property" triggers the tear-out provision.

6  The parties, however, dispute the scope of this coverage.  State Farm argues the tear-out

7  provision obligates them to pay only for the costs associated with accessing the leaking pipe.

8  They argue the tear-out provision, as a matter of law, does not cover the costs incurred

9  accessing sections of pipe that were not leaking.  The court does not agree with State Farm's

10  construction of the policy.

11      Once the tear-out provision is triggered, State Farm is obligated to pay the tear-out costs

12  "necessary to repair the system or appliance."  The term "system" is not explicitly defined in

13  the policy, but the ordinary meaning of this term is a collection of individual parts working

14  together for a common purpose. *See, e.g.,* Merriam Webster's Collegiate Dictionary, 1197 (10th

15  ed., 1993) (system: "a regularly interacting or interdependent group of items forming a unified

16  whole.").  The court's interpretation of this term is further supported by the use of the term

17  elsewhere in this subsection of the policy.  Here, the term is used in the phrase "heating, air

18  conditioning or automatic fire protective sprinkler system." (Defendant's motion, Exhibit A, p.

19  14, document p. 9, ¶ f (1).)  It is also used in the phrase "plumbing system, including from

20  within or around any shower stall, shower bath, tub installation, or other plumbing fixture,

21  including their walls ceilings or floors." *Id.*, ¶ f (3).

22      These phrases indicate the term "system" could refer to a heating system, an air

23  conditioning system, an automatic fire protective sprinkler system, or a plumbing system.  There

24  is no indication that the term "system" was used so narrowly in the tear-out provision that it

25  must apply only to the pipe that burst and caused the covered loss.  If Guadiana can establish

26  as a matter of fact that the system that caused the covered loss includes all the pipes in her house

27  and it was necessary to replace all the pipes to repair that system, State Farm is obligated to pay

28  the tear-out costs necessary to replace all the pipes, even those not leaking.  *See also*

1   *Schumacher v. Lumbermens Mut. Cas. Co.*,  154 So.2d 637, 639 (La.App. 1963)  (Whether

2   gutters and drainpipe were part of the plumbing system was an issue of fact.).

3   State Farm argues the tear-out provision obligates them only to facilitate the repair of the

4   leak that caused the covered loss.  The non-leaking pipe, it maintains, did not cause a covered

5   loss.  Moreover, because the policy does not cover defective materials or construction, the non-

6   leaking pipe is not itself a covered loss.  (Defendant's motion, p. 12).  State Farm misconstrues

7   the operation of the tear-out provision.

8   The tear-out provision is triggered by a covered loss.  Once the provision is triggered,

9   State Farm must pay for the demolition and repair "necessary to repair the system or appliance."

10   The "system" is the system that caused the covered loss.  The system need not be a covered loss

11   itself.  In fact, the system here is *not* a covered loss.  The policy explicitly states, "[w]e do not

12   cover loss to the system or appliance from which the water or steam escaped . . ." (Defendant's

13   motion, Exhibit A, p. 14, document page 9.)

14   Moreover, the fact that the non-leaking pipe did not cause the covered loss is not

15   important.  The tear-out provision applies to the non-leaking pipe if the non-leaking pipe is part

16   of the system that caused the covered loss.  *See, e.g., Keenan v. Wausau Lloyds Ins. Co.*,  1998

17   WL 652332, *3 (Tex.App 1998)  (not designated for publication)  ("[O]nce covered property

18   is damaged by steam or water from one of the listed sources, the insured is covered for the cost

19   of accessing the problem, without regard to the nature of the problem, which could include

20   defective construction."); *but see, Murray v. State Farm Fire & Casualty Co.*,  219 Cal.App.3d

21   58, *65 (Cal.App.4.Dist.1990) ("Because there was no covered loss under the policy, paragraph

22   1(e) did not obligate State Farm to pay the cost of tearing out the cement slab in order to repair

23   the damaged pipe.").  The homeowner's policy covers the plaintiff's claim as it is alleged in the

24   complaint.

25

26

27   RECOMMENDATION:

28

- 5 -

1       The Magistrate Judge recommends the District Court, after its independent review of the

2  record, enter an order

3       Denying the defendant's motion to dismiss for failure to state a claim pursuant to Rule

4  12(b)(6), FED.R.CIV.P.  [doc. #12]

5       Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within

6  10 days of being served with a copy of this Report and Recommendation.  If objections are not

7  timely filed, they may be deemed waived.

8       The Clerk is directed to send a copy of this Report and Recommendation to the parties

9  or their counsel.

11       DATED this 14th day of January, 2008.

Glenda E. Edmonds
United States Magistrate Judge