Faegre & Benson LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203-4532
Telephone: (303) 607-3500
Facsimile: (303) 607-3600
Michael S. McCarthy, Admitted *Pro Hac Vice,* MMcCarthy@faegre.com
Todd P. Walker, Admitted *Pro Hac Vice* , TWalker@faegre.com
Stephen A. Wichern, Admitted *Pro Hac Vice,* SWichern@faegre.com

Broening, Oberg, Woods & Wilson, P.C.
1122 East Jefferson Street
P.O. Box 20527
Phoenix, Arizona 85036
Telephone: (602) 271-7700
Facsimile: (602) 258-7785
James Broening, #004036, jrb@bowwlaw.com
Robert T. Sullivan, #022719, rts@bowwlaw.com

Attorneys for Defendant State
Farm Fire and Casualty Company

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **ROSEMARY GUADIANA,** | Case No. 4:07-cv-00326-FRZ-GEE |
| **Plaintiff,** | |
| v. | **DEFENDANT'S STATEMENT OF FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | |
| **Defendant.** | |

Defendant State Farm Fire and Casualty Company ("State Farm") respectfully submits the following statements of fact in support of its Motion for Summary Judgment:

1

1. On September 9, 2004, Plaintiff Rosemary Guadiana's home sustained water damage from a leak in a polybutylene ("PB") pipe in the wall of her guest bedroom. *See* Guadiana Dep. 40:13-25, Feb. 4, 2009, attached hereto as Ex. A.

2. Ms. Guadiana was paid $6,057 by State Farm for the water damage to her home, including repair of the wall where the leaking pipe was located (which is also where access was needed to repair the leaky pipe). *See* Claim Detail Facts, attached as Ex. 4 to Def.'s Mem. of Law in Opp'n to Pl.'s Mot. for Class Certification ("Def.'s Class Cert. Opp."); *see also* Smith Dep. 129:13-20, Apr. 30, 2009, attached hereto as Ex. B.

3. Ms. Guadiana's State Farm homeowners policy provided coverage for "accidental direct physical loss," except as provided in the policy exclusions. See Pl.'s Policy at 7, attached as Ex. 1 to Def.'s Class Cert. Opp.

4. The policy contained an exclusion for damage from "continuous or repeated seepage or leakage of water or steam" from the plumbing system (or other household systems and appliances). *See* Pl.'s Policy at 9, attached as Ex. 1 to Def.'s Class Cert. Opp.

5. The policy did not exclude water damage from a sudden leak in the plumbing system. The policy also provided that "[i]f loss to covered property is caused by water or steam not otherwise excluded, [State Farm] will cover the cost of tearing out and replacing any part of the building necessary to repair the system or appliance" that leaked. *See* Pl.'s Policy at 9, attached as Ex. 1 to Def.'s Class Cert. Opp. However, the policy did not cover the repair or replacement of the leaky pipe itself. *See id.* ("We do not cover loss to the system or appliance from which the water or steam escaped.").

6.  The policy terms described in paragraph 5 *supra* are contained in the following policy provision:

> 1. We do not insure for any loss . . . which consists of, or is directly and immediately caused by, one or more the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:
>
> . . . .
>
>   f.  continuous or repeated seepage or leakage of water or steam from a:
>   (1) heating, air conditioning or automatic fire protective sprinkler system;
>   (2) household appliance; or
>   (3) plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings or floors;
>
> which occurs over a period of time.  If loss to covered property is caused by water or steam not otherwise excluded, we will cover the cost of tearing out and replacing any part of the building necessary to repair the system or appliance.  We do not cover loss to the system or appliance from which the water or steam escaped . . .

*See* Pl.'s Policy at 9, attached as Ex. 1 to Def.'s Class Cert. Opp.

7.  Ms. Guadiana's policy also excluded loss consisting of, or caused by, "wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown." *See* Pl.'s Policy at 9, attached as Ex. 1 to Def.'s Class Cert. Opp.

8.  Ms. Guadiana's policy further provided that State Farm "do[es] not insure under any coverage for any loss" due to "defect, weakness, inadequacy, fault or unsoundness in . . . materials used in construction or repair." *See* Pl.'s Policy at 10-11, attached as Ex. 1 to Def.'s Class Cert. Opp.

9. Ms. Guadiana's policy provided for payment for the actual cash value of the "damaged part of the property," "not to exceed the cost to repair or replace the damaged part of the property" or "when the repair or replacement is actually completed, . . . the covered additional amount [the policyholder] actually and necessarily spend[s] to repair or replace the damaged part of the property" subject to the policy's limit of liability. *See* Pl.'s Policy at 11, attached as Ex. 1 to Def.'s Class Cert. Opp.

10. Ms. Guadiana's home was built in 1986, and she moved into it in 2001. *See* Report of State Farm Expert Mark Passamaneck ("Passamaneck Rept.") at 2, attached as Ex. 9 to Def.'s Class Cert. Opp.; *see also* Guadiana Dep. 110:20-111:1, attached as Ex. A hereto.

11. The September 9, 2004 plumbing leak was the only leak sustained at Ms. Guadiana's home since she has owned it. *See* Guadiana Dep. 121:3-5, attached as Ex. A hereto.

12. Ms. Guadiana testified that leaking pipe had a hole the size of the head of a screw. *See* Guadiana Dep. at 43:16-44:10, attached as Ex. A hereto.

13. Ms. Guadiana's nephew (who has since become a licensed plumber) repaired the leak shortly after it was discovered. *See* Guadiana Dep. at 45:13-49:4, attached as Ex. A hereto; *see also* Pl.'s Objs. and Resps. to Def.'s First Set of Interrogs. and Req. for Produc. at Answer to Interrog. No. 11(a), attached as Ex. 2 to Def.'s Class Cert. Opp. The repaired leak and the rest of Ms. Guadiana's piping system functioned without further leaks until she elected, more than four weeks later, to have Spartan

Plumbing Company replace all the pipes in her home. *See* Guadiana Dep. 47:1-48:18; 57:14-20; 69:14-20, attached hereto as Ex. A.

14. Michael McInnis of Spartan Plumbing testified that Ms. Guadiana's nephew's repair of her pipe was done in a "legitimate" and "compliant" way. *See* McInnis Dep. 63:5-25, Feb. 6, 2009, attached hereto as Ex. C.

15. Mr. McInnis testified that in his experience 30-40% of all homeowners chose to repair PB pipe rather than repipe, and that his company will repair rather than replace PB piping if requested. *See* McInnis Dep. 22:11-23:3, 27:20-28:4, 53:8-16, 35:24-36:1, attached hereto as Ex. C.

16. Ms. Guadiana's expert, Denny Henderson testified that, in any given case, he had "no idea" as to how long a repair of a PB pipe would last or when the plumbing would leak again. *See* Henderson Dep. 141:9-142:3, May 14, 2009, attached hereto as Ex. D. Likewise, Mr. McInnis testified that he did not know how long a PB pipe repair lasts and that he "imagined" that some of the PB pipe repairs that he had done would have held for a number of years. *See* McInnis Dep. 37:3-25, attached hereto as Ex. C. Neither Mr. McInnis nor Mr. Henderson was involved in the repair or repipe at Ms. Guadiana's home or visited her home; and Mr. Henderson had not reviewed photos of Ms. Guadiana's house and piping. *See* McInnis Dep. 38:15-18, 60:6-61:3, attached hereto as Ex. C; *see also* Henderson Dep. 51:16-52:7, attached hereto as Ex. D.

17. Ms. Guadiana's expert, Denny Henderson, admits that some contractors do not believe that all PB pipe must be replaced and will repair PB leaks rather than replace the entire system. *See* Henderson Dep. 132:17-25, 139:10-13, attached hereto as Ex. D.

18. Mr. Henderson also admits he himself has repaired PB pipes in the houses of his friends. *See* Henderson Dep. 50:23-51:15, attached hereto as Ex. D.

19. Mr. Henderson admits that PB pipes may leak for many reasons, including not only deterioration of the piping material, but also improper installation, improper crimping, "too tight of an arc" in a turn, misalignment, and in a variety of other ways that may affect the repair of the pipes. *See* Henderson Dep. 85:15-88:15; 86:1-16; 87:1-18; 88:3-15; 179:14-21, 184:5-22, 197:8-14, attached hereto as Ex. D.

20. State Farm expert Mark Passamaneck testified that, "[i]n many cases, PB pipe can be repaired in lieu of replacement" and that a failure of PB pipe may be localized rather than systemic. *See* Passamaneck Rept. at 9-10, attached as Ex. 9 to Def.'s Class. Cert. Opp.

21. Standard methods exist for repairing PB pipes, and most hardware stores carry PB pipe repair kits. *See* Report of State Farm Expert Karl Bonham at ¶ 6, attached as Ex. 12 to Def.'s Class Cert. Opp.

22. State Farm expert Karl Bonham has repaired hundreds of PB pipe leaks *See* Bonham Rept. at ¶ 6, attached as Ex. 12 to Def.'s Class Cert. Opp.

23. Ms. Guadiana's policy uses the phrases "repair or replace" or "repair or replacement" more than 70 times. *See* Pl.'s Policy *passim*, attached as Ex. 1 to Def. Class Cert. Opp. Where the policy provides coverage for either repair or replacement of a "damaged part" of the property, the policy specifically uses the phrases "repair or replace" or "repair or replacement." *See, e.g.*, Pl.'s Policy at 11, attached as Ex. 1 to Def.'s Class Cert. Opp. ("We will pay the cost to repair or replace with similar

construction and for the same use on the premises . . . the damaged part of the property covered under Section I – Coverages, Coverage A – Dwelling."). The policy also uses either the single word "repair" or the single words "replace" and "replacement" where one or the other specifically applies. *See, e.g.*, Pl.'s Policy at 9, attached as Ex. 1 to Def.'s Class Cert. Opp. ("we will cover the cost of tearing out and replacing any part of the building necessary to *repair* the system or appliance") (emphasis added); *id.* at 12 (State Farm "will not pay an amount exceeding the smallest of the following . . . " (1) our cost to *replace* at the time of loss; (2) the full cost of *repair* . . . . ") (emphasis added).

24. Ms. Guadiana no longer has PB piping in her home. *See* Guadiana Dep. 47:21, attached as Ex. A hereto; *see also* Contract Between Spartan Plumbing and Plaintiff to Replace Polybutylene Pipes with PEX Pipe, attached as Ex. E hereto; Pl.'s Objs. and Resps. to Def.'s First Set of Interrogs. and Req. for Prod., at Answer to Interrog. No. 12(e), (f), attached as Ex. 2 to Def.'s Class Cert. Opp.

25. Ms. Guadiana is no longer insured by State Farm. *See* Guadiana Dep. 127:6-7, attached as Ex. A hereto.

Respectfully submitted this 31st day of July, 2009.

| *s/ Michael S. McCarthy* | *s/ James R. Broening* |
|---|---|
| Michael S. McCarthy | James R. Broening, #004036 |
| Todd P. Walker | Robert T. Sullivan, #022719 |
| Stephen A. Wichern | Broening, Oberg, Woods & Wilson, P.C. |
| Admitted Pro Hac Vice | 1122 East Jefferson Street |
| Faegre & Benson LLP | P.O. Box 20527 |
| 3200 Wells Fargo Center | Phoenix, Arizona 85036 |
| 1700 Lincoln Street | |
| Denver, Colorado 80203-4532 | |

Attorneys for Defendant State Farm Fire and Casualty Company

7

# CERTIFICATE OF SERVICE

I hereby certify that on 31st day of July, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Cory S. Fein, Esq.
Cynthia B. Chapman, Esq.
Michael A. Caddell, Esq.
Richard D. Daly, Esq.
CADDELL & CHAPMAN
1331 Lamar Street, Suite 1070
Houston, TX 77010

Joseph W. Watkins
JOSEPH W. WATKINS, P.C.
6303 E. Tanque Verde, Suite 210
Phoenix, AZ 85715-3859

A copy of the foregoing document, with a copy of the Notice of Electronic filing, was **mailed** to the Honorable Frank R. Zapata and the Honorable Glenda E. Edmonds on this same date at the following address:

HONORABLE FRANK R. ZAPATA
District Court Judge
United States District Court
Evo A. DeConcini U.S. Courthouse
405 West Congress Street, Suite 5160
Tucson, AZ 85701-5050

HONORABLE GLENDA E. EDMONDS
Magistrate Judge
United States District Court
Evo A. DeConcini U.S. Courthouse
405 West Congress Street, Suite 3170
Tucson, AZ 85701-5032

/s/ Deborah Robertson