IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Rosemary Guadiana, | ) | No. 07-326-TUC-FRZ |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| State Farm Fire and Casualty Company, | ) | |
| Defendant. | ) | |

Pending before the Court in this action are Plaintiff's Motion for Class Certification and Defendant's Motion for Summary Judgment.

This matter was referred to Magistrate Judge Glenda E. Edmonds for all pretrial proceedings and report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) and LRCiv 72.1 and LRCiv 72.2 of the Rules of Practice of the United States District Court for the District of Arizona.

Plaintiff Rosemary Guadiana filed this class action for coverage under her homeowner's insurance policy with Defendant State Farm Fire and Casualty Company. Plaintiff sustained water damage in her home caused by a leak in her plumbing system on September 9, 2004. Plaintiff was insured under a homeowner's insurance policy with Defendant at this time. The morning after the leak was discovered, Plaintiff's nephew installed a "repair coupling" to stop the leak. Plaintiff discovered she had a polybutylene ("PB") pipe system in her home, a form of plastic resin that was used in the manufacture of

interior water distribution piping in some homes. Plaintiff replaced all of the PB pipes in her home with a different piping material after being advised by two different plumbing experts that the only way to repair a PB system is to replace the PB piping.

Plaintiff claims the costs incurred in tearing out and replacing the part of the structure necessary to replace the PB piping system is covered under this provision.

Defendant contends that PB piping systems do not need to be entirely replaced, and that in a large percentage of cases, PB pipe can be repaired in lieu of replacement.

Both parties have presented expert testimony to support their positions.

At issue and central to the claims in this action is the following policy "tear-out" provision:

> We do not insure for any loss . . . which consists of, or is directly and immediately caused by . . .
>
> f. continuous or repeated seepage or leakage of water or steam from a:
>
> (1) heating, air conditioning or automatic fire protective sprinkler system;
>
> (2) household appliance; or
>
> (3) plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings or floors;
>
> which occurs over a period of time. *If loss to covered property is caused by water or steam not otherwise excluded, we will cover the cost of tearing out and replacing any part of the building necessary to repair the system or appliance.* We do not cover loss to the system or appliance from which the water or steam escaped . . .

Before the Court for consideration are the separate Reports and Recommendations of Magistrate Judge Edmonds on the pending motions. The parties fully briefed the issues raised in the motions and provided expert testimony. Magistrate Judge Edmonds set the matters for hearing and the parties had the opportunity to also be heard on all matters.

**Motion for Summary Judgment**

On November 10, 2009, Magistrate Judge Edmonds issued her Report and Recommendation on Defendant's Motion for Summary Judgment, following a hearing on this matter, recommending that the Court, after its independent review of the record, enter

- 2 -

an order granting, in part, Defendant's Motion for Summary Judgment on the issues of bad faith, punitive damages and prospective injunctive relief. The Magistrate Judge, however, found that a genuine issue of material fact exists pursuant to Rule 56, FED.R.CIV.P., as to whether or not the PB pipes were successfully repaired or need to be replaced.

The Report and Recommendation sets forth a thorough factual and procedural background of this case and a detailed legal analysis of the substantive issues presented.

Defendant filed its objections to the Report and Recommendation and a reply to Plaintiff's response, urging the Court to accept the recommendation of the Magistrate Judge, thereby denying Defendant's objections and Defendant's Motion for Summary Judgment based on Defendant's continual mischaracterization of the facts, issues and Plaintiff's arguments. Defendant argues that the Magistrate Judge erred in her findings and interpretation of the tear-out provision and finding that Plaintiff has met her burden of establishing a genuine issue of material fact in regard to the issue of whether it was necessary to replace the entire PB piping system.

The Court finds, after consideration of the matters presented, including the objections, response and reply, and an independent review of the record herein, that the findings of the Magistrate Judge as set forth in the Report and Recommendation on the motion for summary judgment shall be accepted and adopted as the findings of fact and conclusions of law of the Court.

**Motion for Class Certification**

On December 18, 2009, Magistrate Judge Edmonds issued her Report and Recommendation, following a hearing on this matter, recommending that the Court, after its independent review of the record, deny Plaintiff's Motion for Class Certification pursuant to Rule 23, FED.R.CIV.P.

The Magistrate Judge issued her findings after reviewing the four factors to be considered in regard to whether a "class action is superior to other available methods for the fair and efficient adjudication of the controversy" as set forth in *Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1180, 1190 (9th Cir. 2001).

1       The Report and Recommendation provides an in-depth and thorough analysis of the facts and issues presented and the applicable legal standards in considering class certification pursuant to Rule 23(b)(2) and (b)(3), FED.R.CIV.P.

Plaintiff filed her objections "only to the part of the [Report and Recommendation] finding that the differing state laws of contract interpretation precluding the certification of a nationwide class" and move in the alternative for the Court to "certify an Arizona-only class, pursuant to the Magistrate's finding."

Defendant filed its objections to "certain adverse portions of the Report and Recommendation" and requests that the Court adopt the findings denying class certification under Rule 23(b)(2) and (b)(3), but reject the findings as to class definition, predominance of common factual issues, numerosity and adequacy of representation.

The Court finds, after consideration of all matters presented, including the objections and responses thereto, and after an independent review of the record herein, that the findings of the Magistrate Judge as set forth in the Report and Recommendation on Plaintiff's Motion for Class Certification pursuant to Rule 23(b)(2) and (b)(3) shall be accepted and adopted as the findings of fact and conclusions of law of the Court.

Based on the foregoing,

**IT IS HEREBY ORDERED** that Magistrate Judge Edmond's Report and Recommendation [Doc. #96] on Defendant's Motion for Summary Judgment is hereby **ACCEPTED** and **ADOPTED** as the findings of fact and conclusions of law by this Court;

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [Doc. #63] is **GRANTED in part** and **DENIED in part**, in accordance therewith;

**IT IS FURTHER ORDERED** that Magistrate Judge Edmond's Report and Recommendation [Doc. #101] on Plaintiff's Motion for Class Certification is hereby **ACCEPTED** and **ADOPTED** as the findings of fact and conclusions of law by this Court;

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Class Certification [Doc. #58] is **DENIED**;

. . . .

**IT IS FURTHER ORDERED** that this matter is referred back to Magistrate Judge Edmonds for all pretrial proceedings and report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) and LRCiv 72.1 and LRCiv 72.2 on the remaining issue in accordance with the findings of the Report and Recommendation.

DATED this 31st day of March, 2010.

FRANK R. ZAPATA
United States District Judge