IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rosemary Guadiana,  )<br>            )<br>  Plaintiff,  )<br>            )<br>vs.  )<br>            )<br>State Farm Fire and Casualty Company,  )<br>            )<br>  Defendant.  )<br>_____)  | No. 07-326-TUC-FRZ<br><br>**ORDER** |

Pending before the Court for consideration is Plaintiff's Motion for Certification of an Arizona-Only Class. A previous motion for class certification was denied.

This matter was referred back to Magistrate Judge Glenda E. Edmonds for all pretrial proceedings and report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) and LRCiv 72.1 and LRCiv 72.2 of the Rules of Practice of the United States District Court for the District of Arizona.

Plaintiff Rosemary Guadiana filed this class action for coverage under her homeowner's insurance policy with Defendant State Farm Fire and Casualty Company, alleging Defendant breached the policy by failing to pay the costs incurred in tearing out and replacing the part of the structure necessary to replace polybutylene piping.

Plaintiff moves the Court to certify her suit as an Arizona class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure. The issue on class certification was fully briefed and, following a hearing on the motion and matters presented, Magistrate Judge Edmonds issued the present Report and Recommendation.

Magistrate Judge Edmonds recommends that, based on her finding that the proposed Arizona class satisfies the requirements of Rule 23(b)(3), the District Court, after its independent review of the record, enter an order granting the Plaintiff's Motion for Certification of an Arizona-Only Class as follows:

> All current or former insureds of State Farm Fire and Casualty Co. who:
>
> (1) own or owned real property located in Arizona which was insured by Defendant;
>
> (2) experienced a leak in a PB System (defined as a plumbing system which included polybutylene pipe) within the insured property, which leak was acknowledged by Defendant to result in a covered loss;
>
> (3) incurred costs (or expended labor) for tearing out and/or replacing part of the insured property necessary to replace the polybutylene pipe and fittings within the system; and
>
> (4) during the Class Period were paid an amount(or were not paid at all) that failed to include the full cost of tearing out and replacing parts of the building necessary to replace the polybutylene pipe and fittings within the system.

The Magistrate Judge issued her findings after reviewing the four factors to be considered in regard to whether a "class action is superior to other available methods for the fair and efficient adjudication of the controversy," as set forth in *Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1180 (9th Cir. 2001). The four preliminary requirements under Rule 23(a) are: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. The Report and Recommendation provides an in-depth and thorough analysis of the facts and issues presented and the applicable legal standards in considering class certification pursuant to Rule 23(a) and (b)(2) and (3), and also sets forth the factual and procedural background of this case, including the Court's previous denial of Defendant's motion for summary judgment and Plaintiff's original motion to certify a nationwide class.

Magistrate Judge Edmonds further recommends that the Court deny Defendant's motions to strike the declaration of Kathryn Kersh, a paralegal working under the supervision of Plaintiff's attorneys, and the reports of Plaintiff's expert Denny Henderson.[1]

---

[1] The docket does not reflect pending motions to strike. However, because this Order adopts the Report and Recommendations as the findings of fact and conclusions of law, this recommendation is constructively adopted by this Order.

1 | Defendant filed its objections to the Report and Recommendation, arguing that "the
2 | Magistrate Judge failed to conduct the rigorous analysis required under Rue 23 and Ninth
3 | Circuit precedent." Defendant specifically argues that the Magistrate Judge erred in finding
4 | numerosity and that the class definition endorsed by the Magistrate Judge is not
5 | administratively feasible or ascertainable, distinguishing the present action from the facts at
6 | issue in *In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litig.*, 241 F.R.D. 185,
7 | 196 (S.D.N.Y. 2007).

8 | Defendant also argues that the recommendation is based on unreliable expert opinions
9 | and that the Magistrate Judge erred in ruling that common factual issues predominate and
10 | erred in finding the proposed Arizona-Only class superior or manageable.

11 | Plaintiff filed her response to Defendant's objections, demonstrating that Magistrate
12 | Judge Edmonds properly applied Rule 23 analysis, and requests that the Court accept and
13 | adopt the Magistrate's recommendation and enter an order certifying the Arizona-only class.
14 | Plaintiff submits a proposed Order Granting Plaintiffs' Motion for Certification of an
15 | Arizona-Only Class which conforms with the Magistrate Judge's findings.

16 | The Court finds, after consideration of all matters presented, including the objections,
17 | response and reply thereto, and after an independent review of the record herein, that the
18 | findings of the Magistrate Judge as set forth in the Report and Recommendation on
19 | Plaintiff's Motion for Class Certification of an Arizona-Only Class shall be accepted and
20 | adopted as the findings of fact and conclusions of law of the Court. Accordingly,

21 | **IT IS HEREBY ORDERED** that Magistrate Judge Edmond's Report and
22 | Recommendation (Doc. 139) on Plaintiff's Motion for Class Certification of an Arizona-
23 | Only Class is hereby **ACCEPTED** and **ADOPTED** as the findings of fact and conclusions
24 | of law by this Court;

25 | **IT IS FURTHER ORDERED** that Plaintiff's Motion for Class Certification of an
26 | Arizona-Only Class [Doc. #121] is **GRANTED**;

27 | **IT IS FURTHER ORDERED** that a separate Order Granting Plaintiffs' Motion for
28 | Certification of an Arizona-Only Class shall be entered;

1    **IT IS FURTHER ORDERED** that this matter is referred back to Magistrate Judge
2 Edmonds for all pretrial proceedings and report and recommendation in accordance with the
3 provisions of 28 U.S.C. § 636(b)(1) and LRCiv 72.1 and LRCiv 72.2.

5    DATED this 31st day of March, 2011.

Frank R. Zapata
Senior United States District Judge