Faegre & Benson LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203-4532
Telephone: (303) 607-3670
Facsimile: (303) 607-3600
Michael S. McCarthy, Admitted *Pro Hac Vice*, MMcCarthy@faegre.com
Todd P. Walker, Admitted *Pro Hac Vice*, TWalker@faegre.com

Broening, Oberg, Woods & Wilson, P.C.
1122 East Jefferson Street
P.O. Box 20527
Phoenix, Arizona 85036
Telephone: (602) 271-7700
Facsimile: (602) 258-7785
James R. Broening/Bar No. 004036, jrb@bowwlaw.com
Robert T. Sullivan/Bar No. 022719, rts@bowwlaw.com

Attorneys for Defendant State Farm Fire and Casualty Company

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **ROSEMARY GUADIANA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**STATE FARM FIRE AND CASUALTY COMPANY**<br><br>**Defendant.** | **No. CIV-07-326-TUC-FRZ**<br><br>**DEFENDANT STATE FARM'S MOTION FOR PROTECTIVE ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(c)** |

Defendant State Farm Fire and Casualty Co. ("State Farm"), pursuant to Fed. R. Civ. P. 26(c), respectfully moves this Court for entry of a protective order forbidding inquiry into certain irrelevant matters that Plaintiff seeks to obtain through discovery. A proposed Protective Order is filed concurrently with this Motion. In support of its Motion, State Farm states as follows:

## INTRODUCTION

Plaintiff Class has served Requests for Production of Documents and a Notice of 30(b)(6) Deposition that are outside the bounds of permissible discovery in two respects. First, the underwriting policies and documents sought by Plaintiff Class are not relevant to any claim or defense in light of the definition of the class certified in this case. Second, Plaintiff Class's discovery requests are not properly limited in scope to the Class Period. The Court should therefore enter a protective order to shield State Farm from the undue burden and expense of responding to improper discovery requests.

## CERTIFICATION OF CONFERRAL

Counsel for State Farm's certification of conferral pursuant to Local Civil Rule 7.2(j) is attached hereto as Exhibit A.

## ARGUMENT

### I. This Court Should Exercise Its Broad Discretion to Enter a Protective Order to Protect Against Irrelevant Discovery.

Discovery is not without ultimate and necessary boundaries—it must have some relevance to the case and the issues being litigated. See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351–52 (1978) (citing Hickman v. Taylor, 329 U.S. 495 (1947)), and courts must ensure that discovery requests remain within reasonable limits, see Epstein v. MCA, Inc., 54 F.3d 1422, 1423 (9th Cir. 1995) ("[T]he right of a party to obtain discovery is not unlimited."). Federal Rule of Civil Procedure 26 defines the scope and limits of discovery: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably

calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). When discovery requests stray outside the bounds of Rule 26(b)(1), courts may "forbid[] inquiry into certain matters, or limit the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(D).

*A.* *<u>The Requests of the Plaintiff Class for Irrelevant Underwriting Information Are Not Reasonably Calculated to Lead to the Discovery of Admissible Evidence.</u>*

This is a breach of contract case, relating solely to claims handling under extant insurance policies. It is not a bad faith or punitive damages case. Plaintiff's only claim against State Farm is for recovery of tear-out costs necessary to repair polybutylene pipe. [Pl.'s First Am. Compl., ECF No. 44, Feb. 3, 2009, ¶¶ 32–38.] In order to prevail on her breach of contract claim, Guadiana must prove at trial "that this is an unusual case where repair of her plumbing system requires replacement of the PB piping." [Report and Recommendation, ECF No. 183, Jan. 25, 2012, at 7.] Plaintiff does not assert any other claims against State Farm, as she relinquished her bad faith claim for punitive damages during class certification briefing. [Pl.'s Reply to Def.'s Opp'n to Pl.'s Mot. for Class Certification, ECF No. 71, Aug. 21, 2009, at 17.]

The scope of Plaintiff's breach of contract claim is embodied in the class definition, which the Court has defined as:

> All current or former insureds of State Farm Fire and Casualty Co. who:
>
> (1) own or owned real property located in Arizona which was insured by Defendant;
>
> (2) experienced a leak in a PB System (defined as a plumbing system which included polybutylene pipe) within the insured property, which leak was acknowledged by Defendant to result in a covered loss;

> (3) incurred costs (or expended labor) for tearing out and/or replacing part of the insured property necessary to replace the polybutylene pipe and fittings within the system; and
>
> (4) during the Class Period were paid an amount (or were not paid at all) that failed to include the full cost of tearing out and replacing parts of the building necessary to replace the polybutylene pipe and fittings within the system.

[Order, ECF No. 145, Mar. 31, 2011, at 2.] To be a member of the Class, one must have already been issued a State Farm homeowner's insurance policy. Thus, State Farm's underwriting policies (*i.e.*, the decision whether or not to issue an insurance policy) have no bearing on any class members' breach of contract claim. Plaintiff appears to be trying to discover whether State Farm ever had a policy against underwriting insurance policies because of PB. But that discovery is irrelevant to any class member. That is because a person who was hypothetically denied such coverage, or who had a policy canceled or non-renewed due to the presence of PB pipe, could not be a class member since they would not meet the class definition's requirement that they *had* replaced their PB piping.

Even more to the point, State Farm's underwriting policies have absolutely no relevance to Rosemary Guadiana's claim, which is the claim upon which all class claims must rise or fall. There is no dispute that she was never non-renewed or canceled over her PB piping. Guadiana should not be permitted to discover or present evidence at trial that is not relevant to her claim; to allow her to do otherwise is an admission that her claim is not typical of the class claims as is required by Fed. R. Civ. P. 23(a). She cannot have it both ways, and the Court should deny her attempt to now contradict a crucial basis upon which this class was certified – that Guadiana's claim is representative of the class claims.

Plaintiff nevertheless seeks discovery of irrelevant underwriting, rather than claims handling, information. Specifically, Requests 6 through 9 of Plaintiff Class's First Set of Post-Certification Requests for Production of Documents to Defendant, attached hereto as Exhibit B, ask for:

- RFP No. 6: "All documents relating to State Farm's policies, or internal communications, regarding whether or not to insure property with PB pipe."

- RFP. No. 7: "All documents relating to State Farm's policies, or internal communications, regarding whether or not to insure property with PB pipe, when the property has experienced a prior leak."

- RFP No. 8: "All documents relating to State Farm's policies, or internal communications, regarding whether or not to renew insurance policies on property with PB pipe."

- RFP No. 9: "All documents relating to State Farm's policies, or internal communications, regarding whether or not to renew insurance policies on property with PB that have [*sic*] experienced a prior leak."

Plaintiffs' Notice of Fed. R. Civ. P. 30(b)(6) Deposition to Defendant State Farm Fire and Casualty Co., attached hereto as Exhibit C, also seeks irrelevant underwriting information:

- Subject Area No. 4: "State Farm's policy for issuing and/or renewing insurance policies for structures that have plumbing systems that include polybutylene pipe."

- Subject Area No. 5: "State Farm's policy for issuing and/or renewing insurance policies for structures that have experienced leaks in plumbing systems that include polybutylene pipe."

Plaintiff is therefore seeking discovery that, by the very definition of the class, could not be relevant to a class member. This discovery is instead an attempt by Plaintiff's counsel to obtain information that could only support some other claim in

some other lawsuit about underwriting issues, not claims handling and payment issues. But Plaintiff is not entitled to discovery to create a new set of underwriting-based claims. In re REMEC, Inc. Secs. Litig., No. 04-CV-1948, 2008 WL 2282647, at *2 (S.D. Cal. May 30, 2008) ("Parties have no entitlement to discovery to develop new claims or defenses that are not identified in the pleadings"). Plaintiff cannot meet her burden of establishing that these requests for State Farm's underwriting practices are reasonably calculated to lead to the discovery of admissible evidence *in this lawsuit* concerning her or any class member's contract claim. Courts frequently forbid parties from seeking discovery of irrelevant subject matters. See Food Lion, Inc. v. United Food & Commercial Workers Int'l Union, 103 F.3d 1007, 1012 (D.C. Cir. 1997) ("While the standards of relevancy in discovery is a liberal one, it is not so liberal as to allow a party to roam in the shadow zones of relevancy and to explore matter which does not presently appear germane to the theory that it might conceivably become so."); Bergen Rambler, Inc. v. Am. Motors Sales Corp., 30 F.R.D. 334, 336–37 (D.N.J. 1962) ("The subject matter of the present first cause of action is the alleged failure of the defendant to act as a distributor of defendant's product. Whether defendant exercised good faith toward other dealers is, in my opinion, irrelevant to the subject matter of the first cause of action.").

State Farm has consistently cooperated with Plaintiff's discovery requests that relate to the breach of contract claim, but must draw the line on irrelevant underwriting issues. In response to Plaintiff's previous discovery requests, State Farm produced several hundred pages of documents, including internal communications, relating to how water loss claims that might involve PB piping were handled. State Farm is in the process of producing more than 1,000 Arizona claim files. It already produced 118 Arizona

claim files during class discovery, and is producing 390 additional claim files today, and will produce an additional 509 files in the near future. But State Farm's underwriting policies regarding to whom it will issue an insurance policy have no bearing on whether State Farm breached its already insured homeowners' policies. Information regarding State Farm's policies on whether to issue or renew insurance policies for structures containing polybutylene would not help a fact finder determine whether all polybutylene pipes in a home must be replaced or if the leaking pipe may be repaired. As this Court has recognized, those questions will be determined through expert testimony about whether PB pipe can be repaired or must always be replaced,[1] as well as evidence that State Farm intends to offer regarding the success of actual repairs that homeowners have made. Because the underwriting information sought has no probative value for the claims of this class, the Court should protect State Farm from the burden and expense of responding to these irrelevant requests and deposition topics and deny Plaintiff's counsel's attempt to obtain information for some other lawsuit.

*B. The Class Period Provides the Appropriate Time Limit for Discovery in This Case.*

The Court should also limit the temporal scope of Plaintiff Class's discovery requests to the Class Period—July 11, 2003, to March 31, 2011. [See Order, ECF No. 145, Mar. 31, 2011; Report & Recommendation, ECF No. 139, ECF No. 139, Dec. 7, 2010, at 3.] Courts over the years have recognized that relevance for the purposes of discovery has a time limit. See D'Onofrio v. SFX Sports Group, Inc., 256 F.R.D. 277, 280 (D.D.C. 2009) (cutting off discovery at the date the complaint was filed in an

[1] See Order, ECF No. 188, Feb. 23, 2012 at 3.

employment discrimination action). As the Supreme Court explained, it "is proper to deny the discovery of events that occurred before an applicable limitations period, unless the information sought is otherwise relevant to issues in the case." Oppenheimer Fund, 437 U.S. at 352; Wright, Miller, Kane, and Marcus, Federal Practice & Procedure, § 2008.5 (2011) (explaining that discovery in contract actions should be "restricted to a reasonable time period preceding the event that gave rise to the law suit."). Similarly, the class cut-off of March 31, 2011, properly limits the scope going forward. Matching the temporal scope of discovery to the Class Period is the appropriate practice in class actions. See, e.g., First American Corp. ERISA Litig., 263 F.R.D. 549, 562 (C.D. Cal. 2009) (limited the temporal scope of discovery to the relevant class period).

Any evidence concerning whether State Farm breached its contract with Plaintiff or a member of the class necessarily concerns events that occurred within the class period. Any events that came after the class period cut-off cannot be relevant to the question of whether State Farm breached its contract with class-member insureds. But the seven subject areas in Plaintiff's Notice of 30(b)(6) deposition are not limited to the Class Period, nor are Requests for Production Nos. 6 through 16 of Plaintiff Class's First Set of Post-Certification Requests. See Exhibit B. Accordingly, Plaintiff's temporally unbounded requests are not reasonably calculated to lead to the discovery of admissible evidence. This Court should limit Plaintiff's deposition and discovery requests to the Class Period.

Even if the Court chooses to allow the discovery that Plaintiff seeks about what State Farm may have done in response to the Magistrate Judge's Order on Partial Summary Judgment (Request Nos. 10, 11 & 16, Exhibit B), or evidence State Farm may

have gathered after the class period to support an argument that PB pipe can be repaired (Request Nos. 12 through 15, Exhibit B), there is no basis to allow discovery outside the Class Period for the remaining Requests (1 through 9, Exhibit B). Again, under the class definition, the discovery of claim files sought in Request Nos. 1 through 5 (Exhibit B) and claim handling information in Deposition Notice topics 1-3 and 6-7 (Exhibit C) can only be relevant if it relates to files of potential class members, which are necessarily limited to claims that arise during the Class Period. And even if the Court determines that State Farm's underwriting policies are relevant to Guadiana's claim (which they are not), underwriting-focused Request Nos. 6 through 9 (Exhibit B) and Deposition Notice topics 4 and 5 (Exhibit C) should also be limited to the class period. Any underwriting policies that arose after the class period could not have affected Guadiana and the class and are therefore irrelevant to any claim in this case.

## CONCLUSION

Plaintiff Class has only one claim—that State Farm breached its insurance policy through its claims handling decisions. But Plaintiff Class's discovery requests seek irrelevant underwriting documents, and they are not limited in scope to the Class Period. To protect State Farm from the undue burden of responding to overbroad discovery requests that seek information beyond the bounds of the federal rules, the Court should exercise its authority and enter a protective order pursuant to Fed. R. Civ. P. 26(c).

WHEREFORE, Defendant State Farm Fire and Casualty Co. respectfully requests that this Court enter a Protective Order in the form of the Proposed Order that has been concurrently filed with this motion. If the Court does not believe this Motion should be granted in total but in part, State Farm requests that the Court fashion an order that parses

the restrictions on discovery with respect to each pending discovery request and deposition notice topic.

Respectfully submitted this 30th day of March, 2012.

*s/ Michael S. McCarthy*
Michael S. McCarthy
Todd P. Walker
Admitted Pro Hac Vice
Faegre & Benson LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203-4532

*s/ James R. Broening*
James R. Broening, #004036
Robert T. Sullivan, #022719
Broening, Oberg, Woods & Wilson, P.C.
1122 East Jefferson Street
P.O. Box 20527
Phoenix, Arizona 85036

ATTORNEYS FOR DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of March, 2012, a true and correct copy of the above and foregoing **DEFENDANT STATE FARM'S MOTION FOR PROTECTIVE ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(c)** was e-filed with the U.S. District Court for the District of Arizona and e-served via the CM/ECF filing system upon the following:

Joseph W. Watkins
JOSEPH W. WATKINS, P.C.
6303 E. Tanque Verde, Suite 210
Phoenix, AZ 85715-3859
joewlaw@cox.net

Cory S. Fein, Esq.
Cynthia B. Chapman, Esq.
Michael A. Caddell, Esq.
CADDELL & CHAPMAN
1331 Lamar Street, Suite 1070
Houston, TX 77010
csf@caddellchapman.com, fdl@caddellchapman.com
cbc@caddellchapman.com, szv@caddellchapman.com
mac@caddellchapman.com, firm@caddellchapman.com, vsh@caddellchapman.com

*s/ Veronica Thomas*
Veronica Thomas, Legal Administrative Assistant

fb.us.8295851.09