IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Rosemary Guadiana, | ) | No. 07-326-TUC-FRZ-LAB |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| State Farm Fire and Casualty Company, | ) | |
| Defendant. | ) | |

Pending before the Court for consideration is Plaintiff's Motion for Partial Summary Judgment and the Report and Recommendation of the Magistrate Judge, recommending that the Plaintiff's motion be granted in part.

This matter was referred to Magistrate Judge Glenda E. Edmonds[1] for all pretrial proceedings and report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) and LRCiv 72.1 and LRCiv 72.2 of the Rules of Practice of the United States District Court for the District of Arizona.

Plaintiff Rosemary Guadiana filed this class action for coverage under her homeowner's insurance policy, issued by Defendant State Farm Fire and Casualty Company, alleging Defendant breached the homeowner's insurance policy by failing to pay the costs incurred in tearing out and replacing the part of the structure necessary to replace polybutylene piping subsequent to a leak and water damage.

---

[1] The referral in this case was reassigned to the newly appointed Honorable Magistrate Judge Leslie A. Bowman on June 22, 2012 (Doc. 209).

1    Plaintiff moves the Court to grant partial summary judgment pursuant to Rule 56 of
2 the Federal Rules of Civil Procedure, and issue a ruling on the construction of the insurance
3 contract as follows:

> (1) [T]he tear-out provision in State Farm's policy requires State Farm to pay all tear-out costs necessary for an adequate repair of the plumbing system, even if an adequate repair of the system requires accessing more than the leaking portion of the system, and (2) there are no policy provisions or exclusions that limit the coverage of the tear-out provision; thus, as long as there is a covered loss, State Farm is required to pay all access costs necessary for an adequate repair of the system.

Magistrate Judge Edmonds, after her review and consideration of Plaintiff's motion, Defendant's opposition and Plaintiff's reply thereto, including the parties' separate statements of fact, issued the present Report and Recommendation, recommending that the District Court, after its independent review of the record, enter an order granting the Plaintiff's Motion for Partial Summary Judgment, in part, and interpret the tear-out provision as follows:

> The tear-out provision in State Farm's policy requires State Farm to pay all tear-out costs necessary to repair the plumbing system (that caused the covered loss) even if repair of the system requires accessing more that the leaking portion of the system.

(Doc. 183 at 10).

The Report and Recommendation provides the factual and procedural background and summary judgment standard for review, and a thorough discussion and analysis of the written terms of the policy at issue and the arguments submitted by the parties for the Court's consideration.

Defendant filed timely objections, requesting the Court reject the Magistrate Judge's Report and Recommendation, deny Plaintiff's motion for partial summary judgment, and "adopt a correct interpretation of the policy as excluding coverage for tear-out costs beyond those necessary to repair the leak that caused the covered loss and ... hold that, under the policy, [Defendant] is not obligated to pay tear-out costs incurred to remediate a construction material defect that has not, and may never, cause a covered loss." (Doc. 185 at 12).

In her response to Defendant's objections, Plaintiff clarifies that the Plaintiffs do not seek coverage for "preventative maintenance" or "upgrades" as Defendant suggests, asserting that the interpretation of the policy provision set forth in the Report and Recommendation is proper, and thus, the Court should accept the recommendation and grant Plaintiff's motion. (Doc. 187).

Defendant filed a reply in support of its objecitons, further advancing its position and arguments in regard to the interpretation of the tear-out provision of the policy, again focusing on the meaning of the terms "repair" and "replace" and the intent of the policy language.

The Court finds, after consideration of the matters presented, including the parties' briefs, the Report and Recommendation, the objections, response and reply thereto, and an independent review of the record herein, that the Report and Recommendation of Magistrate Judge Edmonds on Plaintiff's Motion for Partial Summary Judgment shall be accepted and adopted as the findings of fact and conclusions of law of the Court.

Based on the foregoing,

**IT IS HEREBY ORDERED** that Magistrate Judge Edmond's Report and Recommendation [Doc. 183] is hereby **ACCEPTED** and **ADOPTED** as the findings of fact and conclusions of law by this Court;

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Partial Summary Judgment [Doc. 176] is **granted in part** in accordance therewith;

**IT IS FURTHER ORDERED** that this matter is referred back to Magistrate Judge Bowman for all remaining pretrial proceedings and report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) and LRCiv 72.1 and LRCiv 72.2.

DATED this 25th day of September, 2012.

Frank R. Zapata
Senior United States District Judge