**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rosemary Guadiana, ) | No. CIV 07-326 TUC FRZ (LAB) |
| Plaintiff, ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| State Farm Fire and Casualty Company, ) | |
| Defendant. ) | |

Pending before the court is the defendant's motion for summary judgment filed on October 14, 2013, pursuant to Rule 56, FED.R.CIV.P. (Doc. 246)

The plaintiff in this class action, Rosemary Guadiana, claims the defendant breached her homeowner's insurance policy by failing to pay the cost of tearing out and replacing part of the structure when she replaced her polybutylene (PB) plumbing. Guadiana intends to prove at trial that when a section of PB pipe springs a leak, the only way to fix the plumbing system is to replace all the PB pipe. Having done just that, Guadiana claims her insurer must pay the tear-out cost associated with accessing and replacing all that pipe.

The defendant, State Farm Fire and Casualty Company (State Farm), moves that this court grant summary judgment in its favor pursuant to Fed.R.Civ.P. 56. State Farm argues Guadiana cannot show it was necessary to replace her entire PB piping system when one of her pipes sprung a leak. (Doc. 246, p. 13)

The case has been referred to Magistrate Judge Bowman for all pretrial matters pursuant to LRCiv 72.1. Rules of Practice of the U.S. District Court for the District of Arizona. The court finds the motion suitable for decision without oral argument.

The motion should be denied. There remains a genuine issue of material fact as to whether a PB piping system must be completely replaced once it springs a leak.

FACTUAL AND PROCEDURAL BACKGROUND

Guadiana had a homeowner's insurance policy with the defendant, State Farm. (Doc. 247, ¶ 3) On September 9, 2004, her home sustained water damage when the plumbing leaked. *Id.* at ¶ 1 Shortly afterwards, Guadiana summoned her nephew who installed a repair coupling to plug the leaking pipe. (Doc. 254, ¶ 13)

Guadiana discovered her plumbing system was constructed with polybutylene (PB) pipe. (Doc. 247, ¶ 1) "[S]he was told by two different plumbing experts that the only way to repair a PB system is to replace the PB piping." (Doc. 254, ¶ 14) Accordingly, she replaced all the PB pipes in her home with a different piping material. *Id*.

Guadiana's homeowner's insurance policy contains the following "tear-out" provision:

> We do not insure for any loss . . . which consists of, or is directly and immediately caused by . . .
>
> \*   \*   \*
>
> f. continuous or repeated seepage or leakage of water or steam from a:
>
> (1) heating, air conditioning or automatic fire protective sprinkler system;
>
> (2) household appliance; or
>
> (3) plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings or floors;
>
> which occurs over a period of time. *If loss to covered property is caused by water or steam not otherwise excluded, we will cover the cost of tearing out and replacing any part of the building necessary to repair the system or appliance.* We do not cover loss to the system or appliance from which the water or steam escaped . . . .

- 2 -

(Doc. 247, ¶ 6) (emphasis added). Guadiana believes State Farm is obliged, under this provision, to pay the costs incurred in tearing out and replacing that part of the structure necessary to replace her entire PB piping system. (Doc. 47)

On July 11, 2007, Guadiana filed this class action in U.S. District Court. (Doc. 1) She filed an amended complaint on February 12, 2009. (Doc. 47) Guadiana claimed originally that State Farm's failure to pay her entire tear-out costs was a breach of contract and a breach of the duty of good faith. Only the breach of contract claim remains. (Doc. 96, p. 11); (Doc. 109)

On September 14, 2007, State Farm filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). FED.R.CIV.P.  This court denied the motion on September 2, 2008. In construing the tear-out provision, the court concluded as follows: "If Guadiana can establish as a matter of fact that the system that caused the covered loss includes all the pipes in her house and it was necessary to replace all the pipes to repair that system, State Farm is obligated to pay the tear-out costs necessary to replace all the pipes, even those not leaking." (Doc. 29)

On July 31, 2009, State Farm filed a motion for summary judgment pursuant to Rule 56, FED.R.CIV.P.   (Doc. 63)   State Farm argued, among other things, that it was entitled to summary judgment because Guadiana could not show it was necessary to replace her entire piping system rather than simply fixing the pipe that sprung a leak. (Doc. 63, pp. 17-18)  The court denied that aspect of the motion for summary judgment. (Doc. 96); (Doc. 109, pp. 2-3)

On March 31, 2011, the court granted Guadiana's second motion for class certification. (Doc. 145)

On December 7, 2011, Guadiana filed a motion for partial summary judgment.  (Doc. 176)  The court reiterated its prior finding: "If Guadiana can establish as a matter of fact that the system that caused the covered loss includes all the pipes in her house and it was necessary to replace all the pipes to repair that system, State Farm is obligated to pay the tear-out costs necessary to replace all the pipes, even those not leaking." (Doc. 183); (Doc. 214)

On October 14, 2013, State Farm filed the pending motion for summary judgment pursuant to Rule 56, FED.R.CIV.P.   (Doc. 246)  Again, it argues summary judgment is

1 appropriate because Guadiana cannot show that it was necessary to replace her entire PB piping
2 system. (Doc. 246, p. 13)

3 In support of its motion, State Farm provides expert evidence that PB piping systems
4 need not be replaced completely after a leak. (Doc. 247, ¶ 19) Its expert, Tim Harris, opined
5 that "when a leak is found in a Polybutylene system it is frequently possible to repair." *Id.* He
6 stated "one leak in a PB system does not indicate replacement; to the contrary a repair is most
7 appropriate in that situation." *Id.* at ¶ 20

8 According to State Farm, pipe[1] from Guadiana's home was retrieved and examined by
9 an expert chemist, Dr. Gene Palermo. (Doc. 247, ¶ 18); (Doc. 247-8, p. 20) Palermo opined
10 that "the Guadiana PB tubing was not defective, that any leak in the Guadiana PB tubing was
11 likely the result of physical damage or excessive bending stress, that repair of tubing would
12 have been appropriate, and that replacement of the entire PB water piping system was not
13 necessary." (Doc. 247, ¶ 18)

14 Guadiana, on the other hand, provides evidence that her decision to replace her entire
15 piping system was reasonable. (Doc. 254, ¶ 21) Her experts, Henderson and Johnson, "have
16 testified extensively that when a PB system leaks, the proper way to repair the system is by
17 replacing all of the PB, not just patching the leaking section." (Doc. 254, ¶ 21); *see also* (Doc.
18 254, ¶ 27) Moreover, Guadiana presents evidence that State Farm will not insure a home if the
19 home experienced a PB plumbing leak and the PB was not replaced in its entirety. (Doc. 254,
20 ¶ 31)

21 //
22 //

24 Standard of Review: Summary Judgment

---

[1] Guadiana disputes the provenance of the pipe used in this test. (Doc. 254, ¶ 18) The court assumes without deciding that State Farm's representation is correct.

- 4 -

1   Summary judgment is appropriate only "if the movant shows that there is no genuine
2   dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.
3   R. Civ. P. 56(a). There is just such a dispute "if the evidence is such that a reasonable jury
4   could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,
5   248, 106 S.Ct. 2505, 2510 (1986).

6   The initial burden rests on the moving party to point out the absence of any genuine issue
7   of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). If
8   the moving party has the burden of proof at trial, that party carries its initial burden by
9   presenting evidence showing no reasonable trier of fact could find for the nonmoving party.
10  *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *United States v. Four Parcels*
11  *of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991). If the moving party does not have the
12  burden of proof at trial, that party carries its initial burden either by presenting evidence
13  negating an essential element of the nonmoving party's claim or demonstrating the nonmoving
14  party cannot meet its burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct.
15  2548, 2552 (1986); *Nissan Fire & Marine Insurance v. Fritz*, 210 F.3d 1099 (9th Cir. 2000).

16  Once satisfied, the burden shifts to the nonmovant to demonstrate through production
17  of probative evidence that an issue of fact remains to be tried. *Celotex,* 477 U.S. at 324, 106
18  S.Ct. at 2553. Summary judgment is appropriate "against a party who fails to make a showing
19  sufficient to establish the existence of an element essential to the party's case, and on which that
20  party will bear the burden of proof at trial." *Thomas v. Douglas*, 877 F.2d 1428, 1430 (9th Cir.
21  1989).

22  When considering a motion for summary judgment, the court is not to make credibility
23  determinations or weigh conflicting evidence. *Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir.
24  1990). Instead, the court should draw all inferences in the light most favorable to the
25  nonmoving party. *Id.*

26
27  DISCUSSION
28

- 5 -

1    State Farm argues summary judgment is appropriate because Guadiana cannot show it
2 was necessary to replace her entire PB piping system. (Doc. 246, p. 13)
3    State Farm first notes that Guadiana's nephew, Sean Hoffman, "repaired" the leak shortly
4 after it was discovered. The piping system was leak-free for the next four weeks before
5 Guadiana replaced all the PB pipe. State Farm then directs the court to expert testimony that
6 PB piping systems can be repaired without complete replacement. Moreover, it presents
7 specific evidence about the PB pipe in Guadiana's home. A portion of this pipe was tested by
8 its expert, who opined that her pipes "had many years of useful life remaining and were likely
9 to outlast the structure itself." (Doc. 246, p. 13) Based on all this evidence, State Farm argues
10 Guadiana cannot show it was necessary to replace her entire piping system, and it is entitled to
11 judgment as a matter of law.
12    State Farm, however, overlooks the evidence that Guadiana will present on this issue.
13 Guadiana's expert, Johnson, will provide evidence that leaking PB pipe must be replaced in its
14 entirety. (Doc. 254, ¶ 21); *see also* (Doc. 254, ¶ 27) This testimony is not based on mere
15 speculation, but on his "extensive experience working with PB pipe all over the country." (Doc.
16 254, ¶ 22); *but see, e.g., Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1252 (9th Cir.
17 2010) (Conclusory or speculative expert opinions are insufficient to avoid summary judgment.).
18    Johnson's company inspected homes and replaced PB piping systems for approximately
19 ten years. (Doc. 254, ¶ 22) "He has presented over a dozen informational seminars discussing
20 the issues with polybutylene, and he has spoken about polybutylene with home inspectors from
21 all over the country for several years." *Id*. "[W]hen his company repairs a leak in a PB system
22 without doing a full replumb his company does not warranty the repair because [he believes]
23 PB is a defective product." *Id*.
24    Guadiana also will present evidence that State Farm, itself, will not insure a home if that
25 home experienced a PB plumbing leak and the PB was not replaced in its entirety. (Doc. 254,
26 ¶ 31) This is further evidence that PB piping is now considered inappropriate for home
27 plumbing systems.
28

- 6 -

The evidence is such that a reasonable trier of fact could find for Guadiana. Accordingly, there is a genuine dispute as to a material fact, and State Farm's motion should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986); *see, e.g., Axis Surplus Ins. Co. v. Lake CDA Development LLC*, 2008 WL 4238966, 4 (D.Idaho 2008) ("The dueling experts on this issue [of defective design] create a genuine issue of material fact, which would be better left to the fact finder.").

State Farm further argues summary judgment is appropriate because Guadiana can present no evidence "regarding the specific condition of the pipes in her home." (Doc. 246, p. 13) If she cannot introduce evidence on this issue, State Farm reasons, she cannot prove it was necessary to replace all the PB pipes to repair the leak. As the court explained before, however, this argument fails to grasp Guadiana's theory of the case. *See* (Doc. 96, p. 11) Guadiana's position is that PB pipes can never be repaired; they always must be completely replaced. It therefore does not matter what caused the leak in her house or what condition her pipes were in.

RECOMMENDATION:

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order

DENYING the defendant's motion for summary judgment filed on October 14, 2013, pursuant to Rule 56, FED.R.CIV.P. (Doc. 246)

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, the party's right to de novo review may be waived. *See U. S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc), *cert. denied*, 540 U.S. 900 (2003). The Local Rules permit the filing of a response to an objection. They do not permit the filing of a reply to a response.

DATED this 19th day of February, 2014.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge