**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rosemary Guadiana, | No. CIV 07-326 TUC FRZ (LAB) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | |
| State Farm Fire and Casualty Company, | |
| Defendant. | |

Pending before the court is the plaintiff's motion for judgment filed on August 27, 2014. (Doc. 276)

The plaintiff in this class action, Rosemary Guadiana, claims the defendant breached her homeowner's insurance policy by failing to pay the cost of tearing out and replacing part of the structure when she replaced her polybutylene (PB) plumbing. Guadiana maintains that when a section of PB pipe springs a leak, the only way to fix the plumbing system is to replace all the PB pipe. Having done just that, Guadiana claims her insurer must pay the tear-out cost associated with accessing and replacing all that pipe.

Guadiana moves for judgment based on her successful motion for partial summary judgment. (Docs. 214, 183, 176)

The case has been referred to Magistrate Judge Bowman for all pretrial matters pursuant to LRCiv 72.1. The court finds the motion suitable for decision without oral argument.

The motion should be denied. Guadiana is not entitled to judgment at this time on her claim for breach of contract.

FACTUAL AND PROCEDURAL BACKGROUND

Guadiana had a homeowner's insurance policy with the defendant, State Farm. (Doc. 247, ¶ 3) On September 9, 2004, her home sustained water damage when the plumbing leaked. *Id.* at ¶ 1 Shortly afterwards, Guadiana summoned her nephew, who installed a repair coupling to plug the leaking pipe. (Doc. 254, ¶ 13)

Guadiana discovered her plumbing system was constructed with polybutylene (PB) pipe. (Doc. 247, ¶ 1) "[S]he was told by two different plumbing experts that the only way to repair a PB system is to replace the PB piping." (Doc. 254, ¶ 14) Accordingly, she replaced all the PB pipes in her home with a different piping material. *Id.*

Guadiana's homeowner's insurance policy contains the following "tear-out" provision:

> We do not insure for any loss . . . which consists of, or is directly and immediately caused by . . .
>
> \*   \*   \*
>
> f. continuous or repeated seepage or leakage of water or steam from a:
>
> (1) heating, air conditioning or automatic fire protective sprinkler system;
>
> (2) household appliance; or
>
> (3) plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings or floors;
>
> which occurs over a period of time. *If loss to covered property is caused by water or steam not otherwise excluded, we will cover the cost of tearing out and replacing any part of the building necessary to repair the system or appliance.* We do not cover loss to the system or appliance from which the water or steam escaped . . . .

(Doc. 247, ¶ 6) (emphasis added). Guadiana believes State Farm is obliged, under this provision, to pay the costs incurred in tearing out and replacing that part of the structure necessary to replace her entire PB piping system. (Doc. 47)

- 2 -

On July 11, 2007, Guadiana filed this class action in U.S. District Court. (Doc. 1) She filed an amended complaint on February 12, 2009. (Doc. 47) Guadiana claimed originally that State Farm's failure to pay her entire tear-out costs was a breach of contract and a breach of the duty of good faith. Only the breach of contract claim remains. (Doc. 96, p. 11); (Doc. 109)

On September 14, 2007, State Farm filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). FED.R.CIV.P.; (Doc. 12) This court denied the motion on September 2, 2008. In construing the tear-out provision, the court concluded as follows: "If Guadiana can establish as a matter of fact that the system that caused the covered loss includes all the pipes in her house and it was necessary to replace all the pipes to repair that system, State Farm is obligated to pay the tear-out costs necessary to replace all the pipes, even those not leaking." (Docs. 29, 25)

On July 31, 2009, State Farm filed a motion for summary judgment pursuant to Rule 56, FED.R.CIV.P. (Doc. 63) State Farm argued, among other things, that it was entitled to summary judgment because Guadiana could not show it was necessary to replace her entire piping system rather than simply fixing the pipe that sprung a leak. (Doc. 63, pp. 17-18) The court denied that aspect of the motion for summary judgment. (Doc. 96); (Doc. 109, pp. 2-3)

On March 31, 2011, the court granted Guadiana's second motion for class certification pursuant to Fed.R.Civ.P. 23(b)(3). (Doc. 145)

On December 7, 2011, Guadiana filed a motion for partial summary judgment. (Doc. 176) The court granted the motion finding as a matter of law that Guadiana's interpretation of the insurance policy was correct. *Id*. The court reiterated its prior finding as follows: "If Guadiana can establish as a matter of fact that the system that caused the covered loss includes all the pipes in her house and it was necessary to replace all the pipes to repair that system, State Farm is obligated to pay the tear-out costs necessary to replace all the pipes, even those not leaking." (Doc. 183); (Doc. 214)

On October 14, 2013, State Farm filed a second motion for summary judgment pursuant to Rule 56, FED.R.CIV.P. (Doc. 246) Again, it argues summary judgment is appropriate

1 because Guadiana cannot show it was necessary to replace her entire PB piping system. (Doc.
2 246, p. 13)  The motion is still pending. (Doc. 266)

3       On October 15, 2013, State Farm filed a motion to decertify the class. (Doc. 248) State
4 Farm argues a class cannot be maintained because Guadiana cannot prove it is always necessary
5 to replace a PB plumbing system in its entirety once it springs a leak. *Id*. The motion is still
6 pending. (Doc. 270)

7       In her pending motion, Guadiana moves for judgment based on her successful motion
8 for partial summary judgment. (Doc. 276); *see* (Docs. 214, 183, 176)  It appears she wants to
9 preserve her gains to date, compel State Farm to reconsider the merits of her request for tear-out
10 costs, and stop litigating.

11

12 DISCUSSION

13       Guadiana argues she is entitled to judgment now based on her successful motion for
14 partial summary judgment. In support of her motion, Guadiana cites *James v. Price Stern
15 Sloan, Inc*., 283 F.3d 1064 (9th Cir. 2002). *James*, however, is inapposite. It is instructive to
16 review that case.

17       In *James*, the plaintiff was an artist who illustrated a series of children's books published
18 by the defendant. *James v. Price Stern Sloan, Inc*., 283 F.3d 1064, 1065 (9th Cir. 2002). Years
19 later, the plaintiff asked the publisher to return her original artwork. *Id*. The publisher sent
20 back about half of the illustrations, but unfortunately it had lost the remainder. *Id*. The plaintiff
21 sued, but the trial court granted the publisher's motion for partial summary judgment finding
22 that the illustrations belonged to the publisher, not the artist, if they were created pursuant to
23 contracts concluded between 1977 and 1982. *Id*. The trial court subsequently granted the
24 plaintiff's motion to dismiss without prejudice all claims relating to post-1982 contracts so she
25 could take a final judgment on the claims already decided against her, presumably so she could
26 promptly appeal. *Id*. The Ninth Circuit held that "when a party that has suffered an adverse
27 partial judgment subsequently dismisses remaining claims without prejudice with the approval
28 of the district court, and the record reveals no evidence of intent to manipulate our appellate

- 4 -

1  jurisdiction, the judgment entered after the district court grants the motion to dismiss is final and
2  appealable under 28 U.S.C. § 1291." *Id*. at 1070.

3  In *James*, the court allowed the plaintiff to take a judgment on those claims already
4  decided in the motion for partial summary judgment and to dismiss her unadjudicated claims.
5  That is not possible here. Guadiana's action contains only a single claim. She filed a successful
6  motion for partial summary judgment, but that motion did not resolve her claim. That motion
7  simply determined how the insurance contract should be interpreted. Before Guadiana's claim
8  for breach of contract is finally decided, a certain factual matter remains to be determined –
9  whether a PB piping system always must be replaced in its entirety when it springs a leak.

10  Guadiana's motion for partial summary judgment did not resolve any claims in her favor.
11  She is not entitled to judgment at this time. *See, e.g., Romoland School Dist. v. Inland Empire*
12  *Energy Center, LLC*., 548 F.3d 738, 749 (9th Cir. 2008) (distinguishing *James* because the
13  plaintiff there asserted multiple claims, which could have been severed by Rule 54(b)).

15  RECOMMENDATION:
16  The Magistrate Judge recommends the District Court, after its independent review of the
17  record, enter an order
18  DENYING the plaintiff's motion for judgment filed on August 27, 2014. (Doc. 276)
19  Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within
20  14 days of being served with a copy of this report and recommendation. If objections are not
21  timely filed, the party's right to de novo review may be waived. The Local Rules permit the
22  filing of a response to an objection. They do not permit the filing of a reply to a response.

DATED this 3rd day of November, 2014.



Leslie A. Bowman
United States Magistrate Judge